IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN JACKSON, JR.                                                                                    PLAINTIFF

V.                                                                                          NO. 4:09CV039-P-D

CCA & DCF MEDICAL STAFF, et al.                                                       DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that he has been denied medication for a "dangerous skin condition." Specifically, the Plaintiff states that his medication was confiscated on November 3, 2008. Thereafter, the Plaintiff completed several medical request forms. He was admittedly seen by a nurse and the Defendant Beckum. Defendant Beckum provided the Plaintiff with an ointment but no oral antibiotics as the Plaintiff requested. The Plaintiff was on two other occasions seen by Defendant Deckum and given oral medication, an injection and cream during the second visit. Plaintiff is seeking injunctive relief in the form of an order that would require the Defendants to arrange medical treatment by a dermatologist.

**Denial of Adequate Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal

law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by Plaintiff, it is clear that he has not been denied medical care. Plaintiff himself admits that he was seen by a nurse and later received treatment from Defendant Beckum on at least two occasion. Though he is unsatisfied with the treatment he received, the Plaintiff cannot show that the Defendants were deliberately indifferent to a substantial risk of serious harm. The Plaintiff was examined and treatment was administered. Therefore, the Plaintiff's claim of denial of medical attention related to serious skin condition is plainly without merit and shall be summarily dismissed.[1]

Alhough the Plaintiff is obviously dissatisfied with the treatment he received, the indisputable evidence in this case simply does not support a claim for 1983 relief. In legal terms,

---

[1] If Plaintiff's complaint can be liberally read to include a claim for delayed medical attention, it too is equally unavailing given the absence of a obvious serious injury necessitating emergency treatment. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations.")*; see also Buckley v. Correctional Medical Services, Inc*., 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

a 1983 claim will not lie because Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Jackson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 26th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE